UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALA MAHA MAQADDEM, | No. 2:23-cv-00687-DAD-AC |
| Plaintiff, | |
| v. | ORDER |
| AMBER GORDON, et al., | |
| Defendants. | |

Plaintiff, who is proceeding in pro se, has paid the filing fee. ECF No. 1. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Where the United States is a defendant, venue is governed by subsection (e) of Section 1391, which provides that venue is proper: "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. §

1

1391(e)(1).  Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  Even if venue is proper, a district court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice."

In this case, several filings make clear that this case was improperly filed in the Eastern District of California, and that the interest of justice requires the case to be heard in the Central District of California.  The complaint indicates plaintiff is a resident of Washington, D.C.  ECF No. 1 at 2.  Plaintiff lists as defendants the State of California, which she lists as residing in Sacramento, CA, individual attorneys from Los Angeles and San Francisco, the Los Angeles County Bar Association, and the United States of America.  Id. at 2-3.  The contents of the complaint are difficult to decipher.  However, two pending motions to dismiss clarify that this lawsuit stems entirely from plaintiff's criminal prosecution and representation that occurred in Los Angeles, California.  ECF No. 5-1 at 2-5.  The only party with any connection to the Eastern District of California is the "State of California," but the only allegation against the state is that it colluded with the defendant Gordon in connection with Gordon's representation of plaintiff in the Los Angeles criminal case.  ECF No. 1 at 4.  Plaintiff also filed a notice of related case indicating that this federal case is related to an ongoing case in Los Angeles Superior Court.  ECF No. 23.  It is clear that relevant witnesses and information related to this case are all located in the Los Angeles area.

Therefore, because this case is based on events that occurred in Los Angeles and the responding defendants are in Los Angeles, plaintiff's case should have been filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).  Accordingly, IT IS HEREBY

////

////

////

////

2

ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: October 5, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3